1  CHARLES CARREON, OSB NO. 93469
   814 E. Jackson, Suite C
2  Medford, Oregon 97504
   Tel:  541/245-1155
3  Fax: 541/245-6688
   Cell: 541/840-2798
4  Attorney for Plaintiff In Pro Se

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                     FOR THE DISTRICT OF OREGON

10

11  CHARLES CARREON, for himself and on        )   Case No.: 00-3084-HU
    behalf of all persons similarly situated,  )
12                                             )   COMPLAINT FOR CIVIL RIGHTS
                   Plaintiff,                  )   VIOLATIONS AND TRESPASS; PRAYER
13                                             )   FOR DAMAGES AND INJUNCTIVE
              vs.                              )   RELIEF; CLASS ACTION CERTIFICATION
14                                             )   REQUESTED; JURY TRIAL DEMANDED
    TOD MILLER and JACKSON COUNTY,             )
15                                             )
                   Defendants.                 )
16                                             )
                                               )
17  _____   )

18         Plaintiff, for his complaint against defendants, alleges as follows:

19                                      1.

20         Plaintiff owns in fee simple, real property in Jackson County, Oregon, legally described

21  as set forth in Exhibit "A" hereto, and referred to herein as "Plaintiff's Property".

22                                      2.

23         Defendant Tod Miller is an employee and agent of defendant Jackson County.  All acts

24  performed herein by Tod Miller were performed in Jackson County, under color of law.

25                                      3.

26         Jackson County Oregon is a governmental subdivision of the State of Oregon with its

27  county seat located in Medford, Oregon.  Plaintiff invokes federal question jurisdiction under 28

28

# 800051

                                        1

USC Section 1331 and pendent claim jurisdiction under 28 USC Section 1367.  Venue is proper under 28 USC Section 1391(b).

<u>FIRST CLAIM FOR RELIEF FOR CONSTITUIONAL VIOLATIONS UNDER 14 USC SECTION 1983, AGAINST ALL DEFENDANTS</u>

4.

Plaintiff incorporates and realleges as if set forth fully hereat all allegations herein.

5.

Plaintiff has repeatedly put defendants on notice that they are excluded from entering plaintiff's property without express consent.  Plaintiff's notices of exclusion include correspondence directed to Jackson County officials, verbal statements directed to Tod Miller personally, and signs that have been present on plaintiff's property clearly stating to all persons coming onto the property:  "POSITIVELY NO TRESPASSING -- Notice to County Officials: Appointments Required."

6.

Notwithstanding plaintiff's repeated warnings to defendants not to trespass on plaintiff's property, defendant Tod Miller, acting under color of law, and pursuant to established policy of Jackson County to ignore such requests to refrain from trespassing, has repeatedly trespassed onto plaintiff's property.  Many other Jackson County property owners have similarly suffered trespasses by the defendants under similar circumstances.  Such other persons are sufficiently numerous and share sufficiently common interests, to be certified as a class of claimants. Plaintiff is typical of the members of the plaintiff class, and is able to provide adequate representation to represent the interests of the class.

7.

The most recent trespass occurred on or about July 18, 2000, when Tod Miller, acting under color of law, drove approximately 500 feet on a private road, ignored a locked gate and the aforementioned NO TRESPASSING sign, and proceeded to invade the driveway and the curtilage of plaintiff's property, taking photographs thereon, and otherwise invading plaintiff's protected property rights.

2

8.

The trespassory invasions alleged above violated plaintiff's rights under the 4th Amendment and Article I, Section 9 of the Oregon Constitution, to be free from unreasonable searches and seizures.

9.

The trespassory invasions alleged above were performed for the purpose of harassing and annoying plaintiff, and were in willful violation of the defendants' duties to respect plaintiff's constitutional rights as a real property owner.

10.

Due to defendants' violations of plaintiff's constitutional rights, plaintiff has suffered damages in the form of humiliation, anger, frustration, and the sense of insecurity resulting from the lawless invasions of his property rights by a person acting under color of law.

11.

The unlawful acts alleged herein against Tod Miller were committed with conscious disregard of plaintiff's rights, and with the intention to harass and annoy; wherefore, exemplary damages are claimed to deter such further wrongful conduct.

12.

If not enjoined by this Court, defendants will continue to invade plaintiff's protected property interests.  For this risk of future invasions, plaintiff has no adequate remedy at law; wherefore, injunctive relief is requested.

SECOND CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS, FOR COMMON LAW TRESPASS

13.

Plaintiff incorporates and realleges as if set forth fully hereat all allegations herein.

14.

Plaintiff has repeatedly put defendants on notice that they are excluded from entering plaintiff's property without express consent.  Plaintiff's notices of exclusion include correspondence directed to Jackson County officials, verbal statements directed to Tod Miller

3

personally, and signs that have been present on plaintiff's property clearly stating to all persons coming onto the property: "POSITIVELY NO TRESPASSING -- Notice to County Officials: Appointments Required."

15.

Notwithstanding plaintiff's repeated warnings to defendants not to trespass on plaintiff's property, defendant Tod Miller, acting under color of law, and pursuant to established policy of Jackson County to ignore such requests to refrain from trespassing, has repeatedly trespassed onto plaintiff's property.

16.

The most recent trespass occurred on or about July 18, 2000, when Tod Miller, acting under color of law, drove approximately 500 feet on a private road, ignored a locked gate and the aforementioned NO TRESPASSING sign, and proceeded to invade the driveway and the curtilage of plaintiff's property, taking photographs thereon, and otherwise invading plaintiff's protected property rights.

17.

The trespassory invasions alleged above were performed for the purpose of harassing and annoying plaintiff and in willful violation of the defendants' duties to respect plaintiff's constitutional rights as a real property owner.

18.

Due to defendants' trespasses, plaintiff has suffered damages in the form of humiliation, anger, frustration, and the sense of insecurity resulting from the lawless invasions of his property rights.

19.

The unlawful acts alleged herein against Tod Miller were committed with conscious disregard of plaintiff's rights, and with the intention to harass and annoy; wherefore, exemplary damages are claimed to deter such further wrongful conduct.

/ / /

/ / /

4

20.

If not enjoined by this Court, defendants will continue to invade plaintiff's protected property interests. For this risk of future invasions, plaintiff has no adequate remedy at law; wherefore, injunctive relief is requested.

REQUEST FOR CLASS CERTIFICATION

21.

Pursuant to Federal Rule of Civil Procedure 23, plaintiff requests certification as the representative plaintiff to seek redress for the harms alleged herein on behalf of all class members as shall become known.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1.    On the First Claim for Relief, for Civil Rights Violations:  For damages, for an injunction restraining future trespasses, for punitive damages against defendant Tod Miller, for attorneys fees under a public attorney general theory;

2.    On the Second Claim for Relief, for Common Law Trespass:  For damages, for an injunction restraining future trespasses, for punitive damages against defendant Tod Miller; and

3.    On All Claims for Relief:  For costs and such other and further relief as the Court deems just.

Dated:  July 31, 2000                    LAW OFFICE OF CHARLES CARREON

By: _____
CHARLES CARREON, OSB #93469
Attorney for Plaintiff In Pro Se

5

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a jury trial.

Dated:  July 31, 2000

LAW OFFICE OF CHARLES CARREON

By:

CHARLES CARREON, OSB #93469
Attorney for Plaintiff In Pro Se

6

<u>EXHIBIT "A"</u>

Parcel 1, as shown on the Minor Land Partition Plat filed in the office of the Jackson County Surveyor as No. 12977 and recorded as partition Plat No. P-56-1992 of "Record of Partition Plats" in Jackson County, Oregon, and further described as Township 40 South, Range 2 East, Section 30, Tax Lot 2200 (Parcel 1).

EXHIBIT "A"