FILED

CHARLES CARREON, OSB NO. 93469
814 E. Jackson, Suite C
Medford, Oregon 97504
Tel:  541/245-1155
Fax: 541/245-6688
Cell: 541/840-2798
Attorney for Plaintiff In Pro Se

00 OCT 16  AM 11: 06

CLERK US DISTRICT COURT
DISTRICT OF OREGON
MEDFORD, OREGON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHARLES CARREON, | Case No.: 00-3084-HO |
| Plaintiff, | FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED |
| vs. | |
| TOD MILLER and NICHOLAS DOHERTY, | |
| Defendants. | |

Plaintiff, for his complaint against defendants, alleges as follows:

1.

Plaintiff owns in fee simple, real property in Jackson County, Oregon, legally described as set forth in Exhibit "A" hereto, and referred to herein as "Plaintiff's Property".

2.

Defendant Tod Miller is an employee and agent of defendant Jackson County.  All acts performed herein by Tod Miller were performed in Jackson County, under color of law.  Debbie Minder is an employee of Jackson County, and all acts alleged performed by her herein were under color of law.

/ / /

/ / /

1

FIRST AMENDED COMPLAINT

3.

Jackson County Oregon is a governmental subdivision of the State of Oregon with its county seat located in Medford, Oregon.  Plaintiff invokes federal question jurisdiction under 28 USC Section 133, 1343, and pendent claim jurisdiction under 28 USC Section 1367.  Venue is proper under 28 USC Section 1391(b).

4.

Defendant Nicholas Doherty ("Doherty") is an individual residing in Jackson County, who, with respect to the matters alleged in the Second Claim for Relief, Doherty controlled the conduct of public officials, and/or acted as the agent of public officials, and was therefore acting under color of law when performing the acts alleged herein.

<u>FIRST CLAIM FOR RELIEF FOR RELIEF AGAINST NICHOLAS DOHERTY FOR DEFAMATION</u>

5.

Plaintiff incorporates and realleges as if set forth fully hereat all allegations herein.

6.

On or about October 23, 1998, Doherty began to make, and has continued to make, statements of and concerning plaintiff, to wit, that he had aided and abetted his wife in commission of violent acts toward Doherty and his paramour, Juliana Ayres, that plaintiff was an apostate, heathen and heretic, that plaintiff possessed firearms, which behavior offended the standards of the religious and spiritual community, and was an antisocial individual who should not be part of the community.

7.

Doherty published these statements to various persons in the community, and most particular, to the Board of Directors of plaintiff's Church, other parishioners of plaintiff's church, and numerous other of plaintiff's friends and acquaintances.

/ / /

/ / /

/ / /

2

FIRST AMENDED COMPLAINT

8.

Due to the publication of said defamatory statements, plaintiff has been injured in his reputation, and has suffered special damages in the way of loss of reputation and loss of the association with persons formerly friendly to him.

9.

Plaintiff has suffered economic and non-economic damages due to the defamatory conduct of Doherty, in an amount to be established according to proof.

10.

Doherty's conduct was willful, wanton and malicious; wherefore, punitive damages are merited.

SECOND CLAIM FOR RELIEF FOR CONSTITUIONAL VIOLATIONS UNDER 42 USC
SECTION 1983 AND 1985(3), AGAINST ALL DEFENDANTS

11.

Plaintiff incorporates and realleges as if set forth fully hereat all allegations herein.

12.

At a time prior to July 17, 2000, on a date as yet unknown, Doherty and/or his agents repeatedly trespassed on plaintiff's land to destroy signs, turn off water supplies and survey plaintiff's property, all in defiance of plaintiff's property rights.  On December 27, 1999, plaintiff filed Jackson County Circuit Court action 99-4339-E-1 and obtained a Temporary Restraining Order against future trespasses.  Later, in April 7, 2000, plaintiff filed an action to quiet title against Doherty and others.  During the month of July, 2000, Miller and Doherty conspired together, with other persons known and unknown to plaintiff, with the intent to infringe plaintiff's rights under the 1st, 4th and 14th Amendments to the United States Constitution, and Article 1, Section 9 of the Oregon Constitution.

13.

On or about July 17, 2000, Doherty, Miller and another employee of Jackson County, went together on the premises of another, to wit, plaintiff's real property, with the intention to trespass and violate plaintiff's rights to be free of unreasonable searches and seizures under the

3

FIRST AMENDED COMPLAINT

4th Amendment, and obtained photographs of a structure and the curtilage thereof, located on plaintiff's land.

14.

Pursuant to the objectives of the conspiracy, Doherty and Miller caused to be delivered to the Office of Jackson County Counsel photographs purporting to establish the existence of a structure in violation of Jackson County Code ordinances.

15.

Doherty's purpose in conspiring with Miller to violate plaintiff's 4th Amendment rights was in order to retaliate against plaintiff for plaintiff's exercise:  of freedom of speech by filing civil actions against Doherty and his friends and relatives for trespassing on plaintiff's land, and to quiet title to rights to real property, religious freedom under the 1st Amendment of the United States Constitution by refusing to follow the edicts of the church where Doherty was a member of the Board of Directors, and equal protection under the laws by making resort to legal process, because plaintiff had filed Circuit Court lawsuits in Jackson County Nos. 00-1237-E-4 and 99-4339-E-1, naming Doherty and others as defendants to remedy repeated trespasses by Doherty and his confederates, and to quiet title to certain rights to real property.  Wherefore, Doherty was motivated to seek to incite the animus of Miller and Debbie Minder toward the plaintiff, and to aid, counsel and assist Miller in the conduct of enforcement actions against plaintiff that would cause him injury.  Miller, Minder and Doherty agreed that Doherty and Miller would provide testimony against plaintiff in a County Code Violation proceeding that Minder would and did in fact prosecute.

16.

While having full knowledge of the fact that other property owners including Doherty and other defendants in the above-referenced Circuit Court lawsuits living on lands directly adjacent to plaintiff, were not in compliance with Jackson County Code ordinances, Miller agreed with Doherty to pursue enforcement actions against plaintiff.  In particular, Miller had direct knowledge of building code and the zoning violations existing on property adjacent to plaintiff's property, owned by Humphrey's Freehold, Inc., where there were present and continue

4

to be present, a large two story dwelling and a one-story dwelling which are utilized as residences by various persons, a public swimming pool for which no swimming pool permit has been obtained, a public water system for which no permit exists, a hydroelectric power system, for which no permit exists, and three trailers for which no permit exists, as well as a large, unsightly junk pile, all of which is a nuisance within the meaning of Jackson County ordinances. However, having full knowledge of all of these conditions, and further having knowledge of the fact that plaintiff was engaged in litigation with Humphrey's Freehold, Inc. with respect to these numerous violations, all alleged in Jackson County Circuit Court Case No. 99-4339-E-1, and to aid Doherty and his confederates collaterally with respect to that action, by applying coercive pressure, Miller agreed and conspired with Doherty to pursue code enforcement actions against plaintiff for the purpose of depriving him of his Constitutional Rights as above alleged, and for the purpose of causing him financial injury, injury in ownership of real property, and emotional distress.

17.

Due to the conspiratorial intention of Miller and Doherty, and their acts in furtherance thereof, plaintiff has suffered financial injury, injury in real property and emotional distress, wherefore damages are demanded.

18.

The acts of Doherty and Miller were willful, wanton, and malicious, and such as to shock the conscience; wherefore, punitive damages are merited.

THIRD CLAIM FOR RELIEF AGAINST DOHERTY AND MILLER

19.

Plaintiff incorporates and realleges as if set forth fully hereat all allegations herein.  As set forth in the foregoing allegations, and on various occasions, Doherty and Miller have, together and deliberately trespassed on plaintiff's property for the purpose of causing him injury.

20.

Due to the above alleged trespasses of Doherty and Miller, plaintiff has suffered financial injury, injury in his ownership of real property, and emotional distress.

FIRST AMENDED COMPLAINT

21.

The acts of Doherty and Miller were willful, wanton, and malicious, and such as to shock the conscience; wherefore, punitive damages are merited.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1.    <u>On the First Claim for Relief, for Defamation</u>:  For damages, economic and non-economic, and for punitive damages against defendant Doherty;

2.    <u>On the Second Claim for Relief, for Civil Rights Violations</u>:  For damages against defendants Doherty and Miller, economic and non-economic, and for punitive damages against defendants Doherty and Miller.

3.    <u>On the Third Claim for Relief, for Common Law Trespass</u>:  For damages, economic and non-economic, for an injunction restraining future trespasses, for punitive damages against defendants Doherty and Miller; and

4.    <u>On All Claims for Relief</u>:  For costs and such other and further relief as the Court deems just.

Dated:  October 15, 2000          LAW OFFICE OF CHARLES CARREON

By: _____
          CHARLES CARREON, OSB #93469
          Attorney for Plaintiff In Pro Se

6

FIRST AMENDED COMPLAINT

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a jury trial.

Dated:  October 15, 2000                LAW OFFICE OF CHARLES CARREON

By: _____
           CHARLES CARREON, OSB #93469
           Attorney for Plaintiff In Pro Se

7

FIRST AMENDED COMPLAINT

EXHIBIT "A"

      Parcel 1, as shown on the Minor Land Partition Plat filed in the office of the Jackson County Surveyor as No. 12977 and recorded as partition Plat No. P-56-1992 of "Record of Partition Plats" in Jackson County, Oregon, and further described as Township 40 South, Range 2 East, Section 30, Tax Lot 2200 (Parcel 1).

EXHIBIT "A"

PROOF OF SERVICE
CARREON vs. MILLER
Case No. 00-3084-HO
STATE OF OREGON, COUNTY OF JACKSON

I am employed in the County of Jackson, State of Oregon. I am over the age of 18 and not a party to the within action; my business address is 814 E. Jackson Street, Suite C, Medford, Oregon 97504. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

On the date subscribed below, I served the foregoing document described as in this action as: FIRST AMENDED COMPLAINT by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Debbie Minder                           Fax:  541/774-6722
Assistant County Counsel
10 South Oakdale, Room 118A
Medford, OR  97501

☒ by Facsimile to the above-referenced fax numbers

☐ by personal delivery to the above-referenced addresses

☐ by U. S. Mail, with first class postage fully prepaid, deposited into an official mailbox located in _____, _____.

☐ by Federal Express for overnight delivery.

Executed at Medford, Oregon, on October 15, 2000.

CHARLES CARREON

8

FIRST AMENDED COMPLAINT